**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WALLACE A. GARDNER**                                                                   **PETITIONER**
ADC #110784

v.                   **CASE NO.: 5:07CV00024 BD**

**LARRY NORRIS,**                                                                   **RESPONDENT**
**Director, Arkansas Department
of Correction**

## MEMORANDUM OPINION AND ORDER

All parties consented to disposition of this case by a Magistrate Judge (docket entry # 13). For the reasons that follow, Petitioner's petition for writ of habeas corpus (#1) is dismissed with prejudice.

**I.   Background:**

On September 29, 2004, Petitioner was convicted by a Pulaski County Circuit Court jury of capital murder and aggravated robbery. He was sentenced to life in the Arkansas Department of Correction ("ADC"). Counsel for Petitioner filed a direct appeal of the conviction and sentences. (Respondent's Exhibit B) The sole argument raised in the direct appeal was whether there was sufficient evidence to prove aggravated robbery as the underlying felony supporting the capital murder conviction. (Respondent's Exhibit B at p. v) On January 5, 2006, the Arkansas Supreme Court affirmed Petitioner's

1

conviction, and on February 9, 2006, the Court denied a petition for rehearing. *Gardner v. State*, 364 Ark. 506, 221 S.W.3d 339 (2006).

On April 14, 2006, Petitioner filed a "motion for appointment of counsel for collateral post-conviction relief to vacate judgment and commitment order" with the Circuit Court. (#1 at p. 160) Petitioner raised the following claims in the motion: (1) the trial court lacked jurisdiction; (2) violations of the Arkansas and United States constitutions; (3) judicial misconduct; (4) prosecutorial misconduct; and (5) ineffective assistance of counsel. (#1 at pp. 149-159) The Circuit Court construed the motion as one for post-conviction relief under Arkansas Rule of Criminal Procedure 37 and denied the petition in an order filed on September 20, 2006, because it was filed outside the time allowed under Rule 37.2(c). (#1 at p. 160) Petitioner did not appeal from the Circuit Court's order.

Petitioner filed this habeas petition on February 6, 2007, claiming: (1) violations of his equal protection and due process rights; (2) ineffective assistance of counsel; (3) unlawful arrest in violation of the Fourth Amendment of the United States Constitution; and (4) improper admission of "false evidence" at trial. Petitioner filed a first amended petition on August 6, 2007 (#23) adding a claim of ineffective assistance of appellate counsel. Petitioner also filed a second amended petition on October 17, 2007 (#27) adding a claim that he was required to answer to charges that were not submitted to a grand jury and were not included in a grand jury indictment, in violation of the

2

Arkansas Constitution. Respondent argues all of the Petitioner's claims are either procedurally defaulted, barred by the statute of limitations, or lack merit.

II.     **Procedural Default:**

Habeas relief is available to a petitioner after he or she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). In order to exhaust, the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," but fails to do so. *Id*. § 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In this case, Petitioner filed a Rule 37 petition with the state trial court. The trial court denied the petition because it was not filed within sixty days of the date the appeal was dismissed as required by Arkansas Rule of Criminal Procedure 37.2(c). Petitioner's failure to seek relief within the time limits set under Rule 37 is a jurisdictional defect. *Mims v. State*, 360 Ark. 96, 199 SW.3d 681 (2004). Petitioner did not appeal from the Court's order denying his Rule 37 petition.

Petitioner has not exhausted his state court remedies as to any claim other than his sufficiency of the evidence claim. Accordingly, all of the claims Petitioner raises are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

A.   *Cause for Default*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, a petitioner must establish cause by showing that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488.

Petitioner claims the trial court's failure to appoint counsel, the trial court's failure to hold a hearing, and ineffective assistance of trial and appellate counsel caused him to procedurally default his Rule 37 petition. "[I]nterference by officials that makes compliance with the State's procedural rule impracticable." may amount to cause. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991) (internal quotations omitted). The facts of this case, however, do not support an argument that the trial court caused the default. The trial court acted within its discretion when it denied Petitioner's motion to appoint counsel. See *Coleman v. Thompson*, 501 U.S. at 752 ("There is no

constitutional right to an attorney in state post-conviction proceedings"); see also *Hardin v. State*, 350 Ark. 299, 86 S.W.3d 384 (2002) (per curiam).

Petitioner also argues that the Circuit Court's failure to hold a hearing on his Rule 37 petition was cause for his default. The Arkansas Supreme Court has interpreted Rule 37.3(a) to require an evidentiary hearing in a post-conviction proceeding unless the files and the records of the case conclusively show that the prisoner is entitled to no relief. See *Walker v. State*, 367 Ark. 523, 529, 241 S.W.3d 734, 739 (2006) (per curiam); *Sanders v. State*, 352 Ark. 16, 25, 98 S.W.3d 35, 41 (2003). An Arkansas trial court has discretion, under Rule 37.3(a), to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Id*. In this case, the trial court acted within its discretion when it denied Petitioner a hearing on his Rule 37 motion because the court determined on the face of the motion that it was untimely. Accordingly, the trial court acted within its discretion by dismissing the petition without holding a hearing, and its decision is not cause for Petitioner's default.

Finally, Petitioner claims that ineffective assistance of trial and appellate counsel caused him to procedurally default his Rule 37 petition. Ineffective assistance of counsel which prevents the petitioner from raising a claim in state court is "cause" for a procedural default under *Murray*, 477 U.S. at 488. The exhaustion doctrine requires, however, that a petitioner present an ineffective assistance claim in state court, as an independent claim, before using it in a federal habeas court to establish "cause" for his

state procedural default. *Id*. at 489. Petitioner raised ineffective assistance of counsel claims with the trial court in his Rule 37 petition. The trial court, however, rejected the petition because it was untimely, and Petitioner did not appeal from the trial court's order. Consequently, Petitioner has not successfully established ineffective assistance of trial or appellate counsel, and has not fully exhausted his ineffective assistance of counsel claims in order to establish cause for his procedural default. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003). Because Petitioner has not established cause for his failure to raise his claims with the state courts, it is not necessary to reach the question of prejudice. *McCleskey v. Zant*, 499 U.S. at 502.

B.   *Miscarriage of Justice*

Petitioner may overcome procedural default also by showing that failure to hear his Petition would result in a miscarriage of justice. To establish a miscarriage of justice, Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence . . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Petitioner claims innocence throughout his petition; however, he does not offer any *new* evidence that would support a finding of actual innocence. All of the evidence offered by Petitioner in support of his innocence claim was available to him at the time of trial. Consequently, Petitioner has not established a miscarriage of justice, and his claims are procedurally barred.

### III.   Sufficiency of the Evidence:

The only claim Petitioner raises in his Petition that is not procedurally barred is his sufficiency of the evidence claim.[1] "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of

---

[1] Petitioner does not explicitly claim insufficient evidence as a ground for relief in his petition. He does claim, however, that the State did not meet its burden of proving each element of the crime charged beyond a reasonable doubt. (#1 at p. 30) The Court construes this as a sufficiency of the evidence claim.

law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000). A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.

In assessing a habeas petition claiming insufficient evidence to support a state court conviction, the scope of federal review is limited. *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)). It is not relevant whether this Court believes that evidence produced at trial established guilt beyond a reasonable doubt. *Id*. Instead, the Court must determine "whether, after viewing the evidence in the light *most favorable to the prosecution*, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979).

The Arkansas Supreme Court's opinion on the insufficient evidence claim raised by Petitioner in his direct appeal is not contrary to federal law and the Court's determination of the facts is not objectively unreasonable. When it reviewed Petitioner's case, the Court viewed the evidence in a light most favorable to the State and considered only the evidence that supported the verdict to determine whether the evidence supporting the verdict was substantial. *Gardner v. State*, 364 Ark. at 512. When determining

whether the evidence was substantial, the Court evaluated whether it was "of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture." *Id*. citing *Jones v. State*, 357 Ark. 545, 182 S.W.3d 485 (2004).

The test applied by the Court, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court in *Jackson*, *supra*. See *Mitchell v. Esparza*, 540 U.S. 12, 14, 124 S.Ct. 7, 10, (2003) (holding the state court need not cite to, or even be aware of, applicable United States Supreme Court opinions, as long as "neither the reasoning nor the result of the state-court decision contradicts them"). Further, Petitioner does not contend the United States Supreme Court has addressed a case with facts that are "materially indistinguishable" from those involved here. Therefore, the Arkansas Supreme Court's decision regarding the sufficiency of the evidence was not "contrary to" applicable United States Supreme Court law under § 2254(d)(1).

"A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not enjoy support in the record." *Sera*, 400 F.3d at 543 (quoting 28 U.S.C. § 2254(e)(1); *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir.2004), cert. denied, 543 U.S. 1027, 125 S.Ct. 670 (2004). The Petitioner has not produced any clear and

convincing evidence rebutting the Court's factual findings. To the contrary, the Court's findings are supported by the record. After reviewing the trial transcript in a light most favorable to the prosecution, the Court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19. Accordingly, the Petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

**IV.    Conclusion**:

For the foregoing reasons, Petitioner's petition for writ of habeas corpus (#1) is dismissed with prejudice.

IT IS SO ORDERED this 19th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE