IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALLACE A. GARDNER                                                                    PETITIONER
ADC #110784

v.                                  CASE NO.: 5:07CV0024 BD

LARRY NORRIS                                                                         RESPONDENT
Director, Arkansas Department
of Correction

## ORDER

By Memorandum Opinion and Order dated November 20, 2008, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Petitioner claimed: (1) violations of his equal protection and due process rights; (2) ineffective assistance of counsel; (3) unlawful arrest in violation of the Fourth Amendment of the United States Constitution; and (4) improper admission of "false evidence" at trial. Petitioner also filed amended petitions adding a claim of ineffective assistance of appellate counsel and a claim that he was required to answer to charges that were not submitted to a grand jury and were not included in a grand jury indictment, in violation of the Arkansas Constitution.

Pending are Petitioner's Motion for Certificate of Appealability (COA) (docket entry #43), Motion for Leave to Appeal *In Forma Pauperis* (#44), and Motion for Reconsideration (#45).

The COA statute establishes procedural rules requiring a threshold inquiry as to whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S.

473, 482, 120 S.Ct. 1595, 1603 (2000). Title 28 U.S.C. § 2253 limits the right of appeal to cases in which "a circuit justice or judge issues a certificate of appealability . . . in a habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

This Court may issue a COA, but only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court of Appeals for the Eighth Circuit held this to be a "modest standard" in *Randolph v. Kemna*, 276 F.3d 401, 403 n. 1 (8th Cir. 2002) (quoting *Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir. 2000)). The United States Supreme Court has interpreted the "substantial showing" requirement of § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .

*Slack*, 529 U.S. at 484.

In his Motion for COA and Motion for Reconsideration, Petitioner claims that this Court should not have dismissed his claims as procedurally defaulted because he can establish cause for his default and actual prejudice.[1] See *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). As cause, Petitioner claims he mailed his Rule 37

---

[1] The only claim Petitioner raised in his petition that this Court found was not procedurally defaulted was his sufficiency of the evidence claim. See Memorandum Opinion and Order (#40) at p. 7.

petition before the time for filing had expired, but the employees of the mail room at the Arkansas Department of Correction's Varner Unit delayed mailing his petition or the Pulaski County Circuit Clerk delayed filing it.  (#45 at pp. 1-3)

The problem with Petitioner's argument is that he did not appeal the trial court's dismissal of his Rule 37 petition as untimely.   If Petitioner had appealed the denial of his petition, he might have had a more legitimate argument for cause and prejudice.  Under these circumstances, however, reasonable jurists would not debate whether the Court properly denied Petitioner's request for habeas corpus relief.

Accordingly, Petitioner's Motion for Certificate of Appealability (#43), Motion for Leave to Appeal *In Forma Pauperis* (#44), and Motion for Reconsideration (#45) must be, and hereby are, DENIED.

IT IS SO ORDERED, this 23rd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE